CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 3 0 2011

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| DYTANIA ORLANDO PAYNE, | ) | Civil Action No. 7:11-cv-00403 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| HAROLD CLARKE, | ) | By:  Hon. Michael F. Urbanski |
| Respondent. | ) | United States District Judge |

Dytania Orlando Payne, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner alleges that his state court conviction was obtained in violation of his constitutional rights. This matter is before the court for preliminary review, pursuant to Rule 4 of the Rules Governing § 2254 Cases. After reviewing petitioner's submissions, the court dismisses the petition as untimely.

I.

On January 21, 2004, the Henry County Circuit Court sentenced petitioner to an eighteen years active sentence after a jury convicted him of using a firearm during a felony, robbery, and breaking and entering. Petitioner appealed to the Court of Appeals of Virginia, which denied the appeal on September 2, 2004. Petitioner did not appeal to the Supreme Court of Virginia.

Petitioner filed an "independent action for relief of a void judgment" on February 19, 2008, which the Circuit Court denied on April 11, 2008. Petitioner's appeal was ultimately denied by the Supreme Court of Virginia on January 29, 2009.

Petitioner also filed a petition for a writ of error coram nobis on April 9, 2009, which the Circuit Court denied on June 1, 2009. Petitioner's appeal was ultimately denied by the Supreme Court of Virginia on January 8, 2010.

Petitioner subsequently filed a petition for a writ of habeas corpus on June 3, 2010, which

the Circuit Court denied on July 14, 2010. The Supreme Court of Virginia denied petitioner's appeal on May 26, 2011.

Petitioner filed the instant, federal habeas petition in August 2011. Petitioner argues that the state court lacked subject matter jurisdiction, the prosecutor breached his duty and committed fraud, his counsel provided ineffective assistance of counsel, and the Circuit Court committed plain error.

## II.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1).[1] Generally, this period begins to run from the date on which the judgment of conviction becomes final.[2] See 28 U.S.C. § 2244(d)(1)(A). A conviction becomes final once the availability of direct review is exhausted. See United States v. Clay, 537 U.S. 522, 524 (2003). However, the one-year filing period is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is "pending." 28 U.S.C. § 2244(d)(2). See Wall v. Kholi, No. 09-868, 562 U.S. ___, 2011 U.S. LEXIS 1906, at *27, 2011 WL 767700, at *10 (Mar. 7, 2011) (discussing proceedings that qualify as collateral review). A district court may summarily dismiss a § 2254 petition if a petitioner fails to make

---

[1] The one-year period of limitation for filing a habeas petition under §2254 begins to run on the latest of four dates:
  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1)(A)-(D).

[2] Petitioner did not argue timeliness under subsections (B) through (D).

2

the requisite showing of timeliness after the court notifies petitioner that the petition appears untimely and allows an opportunity to provide any argument and evidence. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

Petitioner's § 2254 petition is untimely under § 2244(d)(1)(A). Petitioner's conviction became final on October 4, 2004, when the time expired for petitioner to note an appeal from the Court of Appeals of Virginia to the Supreme Court of Virginia. See Va. Sup. Ct. R. 5:14(a) (stating an appeal from the Court of Appeals is allowed only if the appellant files a notice of appeal within thirty days of the final judgment). Petitioner filed his first state-court collateral attack in February 2008, more than three years after his conviction became final. See Houston v. Lack, 487 U.S. 266, 276 (1988) (describing prison-mailbox rule). The one-year time limit on petitioner's federal habeas petition already expired by the time he filed his first state-court collateral attack; therefore, later collateral attacks cannot toll the statute of limitations. Accordingly, petitioner failed to timely file the instant petition, and the court must dismiss it unless the court equitably tolls the statute of limitations.

In response to the court's conditional filing order advising petitioner that his petition appeared to be untimely, petitioner argues that the court should equitably toll periods of time because he is pro se, poor, and unfamiliar with the law. Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Mere lack of knowledge about legal process or the statutory deadline for federal habeas relief does not support granting such extraordinary relief. See Harris, 209 F.3d at 330. Furthermore, the court does not

3

find any extraordinary circumstances in this record that prevented petitioner from filing a timely petition.  See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll limitations period).  See also Tucker v. Kingston, 538 F.3d 732, 735 (7th Cir. 2008) (stating that limited access to a law library is not grounds for equitable tolling); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2002) (recognizing that the lack of access to library materials does not automatically qualify as grounds for equitable tolling); Harry v. Johnson, No. 2:06cv28, 2006 U.S. Dist. LEXIS 78413, 2006 WL 3299992, *3 (E.D. Va. Oct. 25, 2006) (stating that delays due to seeking legal advice and related allegations of inadequate prison law libraries are not sufficient extraordinary circumstances for equitable tolling; Burns v. Beck, 349 F. Supp. 2d 971, 974 (M.D.N.C. 2004) (observing that prison conditions, such as lockdowns or misplacement of legal papers, are not normally grounds for equitable tolling).  Although petitioner alleges he was unable to file a direct appeal to the Supreme Court until November 2005, he did not attempt to collaterally attack his conviction until years later in February 2008.  Furthermore, petitioner blames the delay between the Court of Appeals of Virginia denying his appeal and when he could receive court transcripts on his court appointed attorney, which does not constitute "State action" for the statute of limitations.  See 28 U.S.C. § 2244(d)(1)(B); Hall v. Quillen, 631 F.2d 1154, 1155-56 & nn.2-3 (4th Cir. 1980) (finding that an appointed attorney is not a state actor).  Accordingly, the court finds that petitioner filed his federal habeas petition beyond the one-year statute of limitations, petitioner is not entitled to equitable tolling, and the petition must be dismissed.

4

III.

For the foregoing reasons, the court dismisses the petition for a writ of habeas corpus as untimely filed. Based upon the court's finding that petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a Certificate of Appealability is denied.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to petitioner.

ENTER: This _____30____ day of September, 2011.

/s/ Michael F. Urbanski
United States District Judge